STATE OF NORTH CAROLINA v. JARVIS C. MASON

No. 446A93

(Filed 17 June 1994)

**1. Homicide § 242 (NCI4th) — first-degree murder — sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of first-degree murder where it tended to show

that defendant and the victim were arguing over money allegedly owed to defendant by the victim; a third person handed defendant a pistol; and defendant then shot the victim in the head, killing him.

**Am Jur 2d, Homicide §§ 425 et seq.**

2. **Constitutional Law § 318 (NCI4th)— review under Anders v. California—belief whole appeal meritless**

An appellant's attorney should ask the appellate court to search the record for errors pursuant to *Anders v. California*, 386 U.S. 738, only if he believes the whole appeal is without merit.

**Am Jur 2d, Criminal Law 752, 985-987.**

**Adequacy of defense counsel's representation of criminal client regarding appellate and postconviction remedies. 15 ALR4th 582.**

Appeal as of right pursuant to N.C.G.S. § 7A-27(a) from a judgment imposing a sentence of life in prison entered by Parker, J., at the 21 June 1993 Criminal Session of Superior Court, Onslow County, upon a jury verdict of first degree murder. Heard in the Supreme Court 10 May 1994.

The defendant was tried for first degree murder in a case in which the State did not ask for the death penalty. In the light most favorable to the State, the evidence showed that at approximately 2:20 p.m., on 5 November 1992, the defendant and Shammon Mattocks were in a field with several other persons behind Lot 109 on Market Street in Jacksonville, North Carolina. The defendant and Mr. Mattocks were arguing over a sum of money which the defendant contended Mr. Mattocks owed him. Kenneth Sidberry handed a pistol to the defendant who then shot Mr. Mattocks in the head, killing him.

The jury found the defendant guilty as charged. The defendant appealed from the imposition of a sentence of life in prison.

*Michael F. Easley, Attorney General, by Clarence J. DelForge, III, Assistant Attorney General, for the State.*

*Brian Michael Aus for the defendant-appellant.*

STATE v. MASON

[336 N.C. 595 (1994)]

WEBB, Justice.

[1] The defendant's only assignment of error is to the overruling of his motion to dismiss for the insufficiency of the evidence. He bases this argument on certain inconsistencies in the evidence and particularly on some evidence that the pistol may have fired accidentally. In determining whether evidence is sufficient to survive a motion to dismiss, the evidence is considered in the light most favorable to the State. If there is a conflict in the evidence, the resolution of the conflict is for the jury. *State v. Mitchum*, 258 N.C. 337, 128 S.E.2d 665 (1962). In the light most favorable to the State, there was sufficient evidence in this case to support a conviction of first degree murder. This assignment of error is overruled.

[2] The defendant next asks us to review the record pursuant to *Anders v. California*, 386 U.S. 738, 18 L. Ed. 2d 493, *reh'g denied*, 388 U.S. 924, 18 L. Ed. 2d 1377 (1967), to determine whether any error occurred which would require a new trial. We said in *State v. Barton*, 335 N.C. 696, 441 S.E.2d 295 (1994), that generally an appellant's attorney should ask this Court to search the record for errors pursuant to *Anders* only if he believes the whole appeal is without merit. That is not the case in this appeal because the defendant has assigned error. We have examined the record nevertheless and we find no error.

NO ERROR.